**No. 47234.**—Protests 965841–G, etc., of Geo. Borgfeldt Corporation (Seattle).

Opinion by OLIVER, P. J.   Collective exhibits 1 and 2 represent various sizes and color combinations of the celluloid reindeer, from 3½ inches high and 3½ inches long to 5½ inches high and 5½ inches long.   One of plaintiff's witnesses, in charge of the toy and novelty department of the importing company, testified that he not only sold, but supervised the sale of these reindeer figures, and that he had seen them used mainly under Christmas trees but also as window displays; that a buyer would not purchase such articles as playthings for children's amusement, even for play on Christmas Day, because the antlers create a potential danger in addition to the fact that the articles themselves are very fragile.   The examiner of merchandise also testified on behalf of the plaintiff, stating that the practice at New York was to advisorily classify such merchandise as manufactures of celluloid, following Abstract 25921, which abstract was also cited by the importing company to substantiate its claim.   The court, reviewing the record in said Abstract 25921, found a very different state of facts to exist from the one in question.   Abstract 25921 distinguished.   A representative of two domestic concerns which manufacture rattles, dolls, balls, animals, and other items made of celluloid, testifying in behalf of the defendant, stated that he has been selling the articles they manufacture in wholesale quantities all over the United States. He produced several samples which were received in evidence, one of which is a white reindeer and another a team of two white reindeer attached to a sleigh containing a figure of Santa Claus.   He further stated that children play with the various animals as they play with toy soldiers or toy sailors and with the combination they play with a miniature horse and wagon or with an automobile; that he had seen his little girl tie a string on the reindeer and run around with them, and the boys would run around with an automobile and reindeer and bump them into each other, playing with them.   He further stated they set them up in line and the children play with them the same as any standing toy and that he saw a little boy play with them in the woods and he took his bow and arrow and struck them.   A housewife also testified in behalf of the defendant stating that she purchased articles in the local chain stores identical with those represented by the exhibits in question and that they were played with by her 4-year-old daughter and a number of her daughter's playmates for a period of years and that her daughter would arrange them around her doll house as animals.   From the testimony it was found that the plaintiff has not overcome the presumption of correctness attaching to the collector's classification.   On the record presented the protests were overruled.